# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**UNITED STATES OF AMERICA,**

Plaintiff,

-vs-                                              Case No. 3:09-CR-106

**CHRISTOPHER B. GORDON,**

Defendant.

## ENTRY AND ORDER DENYING
## MOTION TO TERMINATE SUPERVISED RELEASE

This matter is before the Court pursuant to Defendant's Motion to Terminate Supervised Release (doc. 72). In said motion, Defendant asserts he has been gainfully employed since his release 2013. Additionally, Defendant has satisfied all imposed supervised release conditions. It would appear to the Court from Defendant's motion that the basis for said motion, in addition to his compliance, is that he is devoted to his family and his career and feels he has received the maximum benefit from supervision.

In considering said motion the Court would commend Mr. Gordon in his compliance and progress, as well as his dedication to his family and career. However, early termination of supervised release is a discretionary decision by the Court and only warranted in cases where a defendant shows exceptional good behavior. *United States v. Adkins,* 38 Fed. Appx. 156, 198 (6th Cir 2002). Even if a defendant's post incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule. *United States v. Medina,* 17 F. Supp. 2d 245, 247 (S.D.N.Y.

1998). A defendant must show something of an unusual extraordinary nature in addition to full compliance. Finally, it appears that the supervision is not an obstacle to Mr. Gordon's career or his successful reintegration in society. Therefore, the Court DENIES said Motion to Terminate Supervised Release (doc. 72).

**DONE** and **ORDERED** in Dayton, Ohio, this 10th day of April, 2018.

_____
THOMAS M. ROSE JUDGE
UNITED STATES DISTRICT COURT